UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DALE VAUGHN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-260-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Dale Vaughn ("Vaughn") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 13 and 16] Because the Court concludes that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence, the Court will grant the Commissioner's motion and deny the relief sought by Vaughn.

**I.      BACKGROUND**

Vaughn filed an application for a period of disability and disability insurance benefits ("DIB"), on October 29, 2004, alleging disability beginning as of July 7, 2004. His claims were denied initially and upon reconsideration. On September 11, 2006, an administrative hearing was conducted before ALJ Donald A. Rising in London, Kentucky. During the hearing, ALJ Rising heard testimony from Vaughn and William Ellis, a vocational expert ("VE"). Thereafter, on November 21, 2006, the ALJ issued a decision denying benefits to Vaughn, concluding that

he does not have any impairments or combination of impairments that meet the disability requirements. [Transcript, pp. 17-26; ("Tr., p.__")] Vaughn's request for review was denied by the Appeals Council on June 15, 2007. [Tr., pp. 5-8] This action was timely filed on July 26, 2007. [Record No. 2]

At the time of the administrative hearing, Vaughn was 54 years-old with a limited (8th grade) education. [Tr., p. 268] He has past relevant work as a laser material cutter in the automotive industry. [*Id.*] He claims a disability due to several impairments, including back pain, diabetes, depression, and breathing problems. After reviewing and evaluating the medical evidence of record and the testimony at the hearing, the ALJ found that Vaughn retained the residual functioning capacity to perform a limited range of light work. [Tr., p. 25] More specifically, the ALJ found that Vaughn:

> has the residual functional capacity for light work allowing for a sit/stand option. The claimant is precluded from work requiring exposure to temperature or humidity extremes and is precluded from work around dust, smoke, fumes, gas, or chemicals. He can do no climbing of ladders, ropes, or scaffolds. The claimant can occasionally climb stairs, stoop, crouch, and crawl. The claimant has moderate limitations in the ability to understand, remember, and carry out detailed instructions; to maintain concentration and attention; to respond appropriately to work setting changes; to complete a normal work day and/or work week without interruption and to perform at a consistent pace without unreasonable number/length of rest periods.

[Tr., p. 25] And based on testimony from VE Ellis that a significant number of jobs exist in the national and regional economy that a person with these limitations can perform [Tr., 285-286], ALJ Rising concluded that Vaughn was not disabled as defined in the Social Security Act and regulations. [Tr., p. 26]

**II.     LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of

proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552,

555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Notably, credibility determinations are particularly within the province of the ALJ and are "to be given great weight." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The Court also notes that, as a general matter, complaints of pain may be sufficient to support a claim of disability. *Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating such claims, an ALJ should look to the medical evidence to determine if subjective complaints of pain have an objective basis. Reference to medical evidence is helpful in making credibility determinations concerning such claims. And, as noted above, "an ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" *Cruse*, 502 F.3d at 542 (citing *Walters*, 127 F.3d at 531).

### III. DISCUSSION

After summarizing the medical evidence contained in the administrative record, Vaughn's counsel asserts that the ALJ's determination was not supported by substantial evidence. More specifically, he contends that the ALJ failed to consider all of the medical evidence and symptoms presented below. He asserts that, if this evidence had been properly considered, the ALJ would have been compelled to find that Vaughn was not able to perform any gainful employment available in significant numbers in the national economy. The Commissioner disagrees with Vaughn's evaluation of the evidence presented to the ALJ for consideration. In the Commissioner's view, the ALJ carefully and properly evaluated the evidence presented in concluding that Vaughn was not disabled as defined by the Social Security regulations. Based on the undersigned's review of the administrative record, the Court must agree with the Commissioner's analysis.

The record is clear that the ALJ considered all objective and subjective complaint presented by Vaughn. First, the ALJ fully evaluated the medical evidence presented in connection with Vaughn's claims of depression, back pain, diabetes, and respiratory problems. [Tr., at 19-23] In light of this evidence, the ALJ properly concluded that these conditions were adequately controlled with medication and treatment prescribed and/or administered by his physicians. Further, the conclusions of his treating physicians were consistent with those of consultative examiners. These treating sources do not suggest that a contrary result be reached by the ALJ.

In addition, the consultative examination of Vaughn's mental status does not support a finding of a disability under the Social Security regulations. As outlined at pages 4-5 of the ALJ's administrative decision, Christopher Catt, Psy.D., performed a consultative mental status examination of the claimant on June 9, 2005. Although he assessed Vaughn with some slight and moderate limitations, he did not conclude that these limitations were disabling. [Record No. 20-21]

Finally, as noted previously, a claimant's subjective complaints of pain may be sufficient to support a claim of disability. *See Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating the claimant's allegations, an ALJ should look to the medical evidence to determine if the complaints of pain have an objective basis, as reference to medical evidence is helpful in making credibility determinations concerning such claims. Further, as noted above, "an ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" *Cruse*, 502 F.3d at 542 (citing *Walters*, 127 F.3d at 531).

To support a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C. § 423(d)(5)(A). In addition, the Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical

> evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating Vaughn's allegations of disabling pain, the ALJ examined the objective medical evidence and concluded that "[w]hile the claimant may experience . . . some level of musculoskeletal discomfort or other symptoms related to his diagnosed conditions, the record fails to support the degree of pain and functional limitations as alleged." [Tr., p. 22.] Specifically, the ALJ noted that,

> [a]ll of his clinical and diagnostic examinations have been relatively unremarkable with no documentation of any musculoskeletal abnormality which could reasonably be expected to result in the degree of pain as alleged. It should be noted that, despite the intensity of his complaints, the claimant does not participate in any physical or other rehabilitative therapies. The claimant does not require the use of an ambulatory aid or back brace. The claimant has not required any undue emergency care or inpatient management for pain control and he does not utilize a pain control device such as a TENS unit. The claimant was evaluated for possible surgical intervention but no condition amenable to surgery was found and he was referred only to physical therapy. There is nothing in the record showing that Mr. Vaughn has been prescribed any type of narcotic pain medication. He listed Oxaprozin as a chronic medication as he has never been referred for pain management evaluation and has never required treatment with injection type therapies such as epidural steroids or the administration of other intramuscular or intravenous pain medications.

[Tr., p. 22] These conclusions are amply supported by the evidence in the administrative record.

With respect to the ALJ's conclusions that Vaughn's allegations are not totally supported by the record [Tr., p. 25], the Sixth Circuit has repeatedly noted that "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence." *Cruse*, 502 F.3d at 543 (quoting *Walters*, 127 F.3d

at 531). Here, objective medical evidence confirms that Vaughn suffers *some* degree of pain, and limitations as a result of his impairments. However, in evaluating Vaughn's testimony and claims, the ALJ could properly conclude from the medical evidence and testimony that the alleged severity of the limitations was not credible. In light of the evidence presented to the ALJ and the ALJ's specific findings for rejecting the Claimant's testimony, this Court finds that the ALJ's decision was entirely reasonable decision and one the ALJ was entitled to make.

Considering the claimant's age, allegations, and the medical evidence in the record, the ALJ reasonably concluded that Vaughn had the residual functioning capacity to perform a limited range of light work. [Tr., p. 25] Further, Vaughn has failed to point to any specific medical diagnosis or notations that the ALJ rejected and that could support a finding of disability within the meaning of the Social Security Act and regulations.

### IV.     CONCLUSION

Based on the ALJ's clear statements regarding the credibility of the claimant and the objective medical evidence in the record, this Court cannot conclude that the ALJ's decision is not supported by substantial evidence. Therefore, this Court finds that the ALJ properly determined that Vaughn was not disabled within the meaning of the Social Security Act and regulations. Accordingly, for the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Vaughn's Motion for Summary Judgment [Record No. 13] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 16] is **GRANTED**; and

      3.      The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 25th day of February, 2008.

